IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY ROSS and LINDA ROSS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM FIRE AND ) <br> CASUALTY COMPANY; and ) <br> TODD BROWN, ) <br> ) <br> Defendants. ) | Case No. CIV-23-00189-JD |

## ORDER

Before the Court is Plaintiffs Bobby and Linda Ross's ("Plaintiffs") Motion to Remand ("Motion"). [Doc. No. 10]. Defendant State Farm Fire and Casualty Company ("State Farm") has responded [Doc. No. 11], and Plaintiffs have replied [Doc. No. 12].[1] For the following reasons, the Court GRANTS the Motion.

**I.    BACKGROUND**

In 2015, Plaintiffs built a new home and sought to have it insured by State Farm for earthquake damage. Defendant Todd Brown ("Brown"), a State Farm insurance agent, worked with Plaintiffs to help them acquire coverage. In 2020, Plaintiffs filed a claim with State Farm for earthquake damage but were denied coverage on the basis that the

---

[1] The parties also filed notices of other persuasive authority. *See* [Doc. Nos. 13–18]. There are varying results in federal district courts on motions to remand because each motion (along with the briefing and exhibits) must be assessed individually based on the evidence presented and legal standards.

damage was "pre-existing," in addition to normal "wear, tear, and deterioration," which is not covered under Plaintiffs' State Farm policy. [Doc. No. 10-1 at 1, 2].[2]

Plaintiffs sued State Farm and Brown in the District Court of Oklahoma County. Against State Farm, they brought claims for breach of contract, bad faith, and fraud. Against Brown, they brought claims for negligence in the procurement of insurance and constructive fraud and negligent misrepresentation. State Farm removed the case under 28 U.S.C. §§ 1332, 1441, and 1446.

## II.   LEGAL STANDARDS

### A.   Diversity Jurisdiction

A case may be removed to federal court if it is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction includes disputes between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. § 1332(a)(1). Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" among the parties, meaning the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

The party invoking diversity jurisdiction—here, State Farm—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Because federal courts are limited tribunals, "statutes conferring jurisdiction upon the federal courts, and particularly

---

[2] The Court uses page numbering from the top of CM/ECF filings.

removal statutes, are to be narrowly construed . . . ." *Pritchett v. Off. Depot Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

### B. Fraudulent Joinder

The Supreme Court has long recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907). The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a non-diverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). To establish fraudulent joinder, the removing party has the "heavy burden" to prove either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] *Id.*

---

[3] Here, State Farm argues that Plaintiffs are unable to establish a cause of action against Brown in state court—not that they have committed actual fraud in the pleading of jurisdictional facts.

3

If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* In contrast, the non-liability of the defendant alleged to be fraudulently joined must be proven with "complete certainty." *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

Importantly, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (citations omitted). "'[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) (quoting *Smoot*, 378 F.2d at 882).

The Tenth Circuit is clear that the analysis is not a mini-trial or pre-trial where the Court weighs the evidence and makes a merits-based determination. *See, e.g.*, *id.* ("The objective, however, is not to pre-try the merits of the plaintiff's claims."); *Smoot*, 378 F.2d at 882 ("This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."). As the Tenth Circuit has stated, "'[a] claim which can be dismissed only after an intricate analysis of state law is not so

wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Brazell*, 525 F. App'x at 881 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)). "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation omitted).

### III.  ANALYSIS

State Farm argues that Brown is fraudulently joined as a non-diverse defendant because Plaintiffs cannot succeed in their claims against him. It argues that this suit concerns "whether damage to [Plaintiffs'] home was caused by a covered loss event," not whether Brown was negligent.

In Oklahoma, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16 (quoting *Swickey v. Silvey Co.*, 1999 OK CIV APP 48, ¶ 13). To discharge this duty, insurance agents need to offer customers "coverage mandated by law and coverage for needs that are disclosed by the insureds." *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 3.

In Plaintiffs' petition, they state they requested "coverage for earthquake damage" and that Brown sold them coverage. [Doc. No. 1-1 at 18, 42]. However, they allege that by doing so, Brown did not act in good faith or use reasonable care because he told them their home "was in good condition" and that "there were no preexisting issues" with the

5

home—despite State Farm later denying their claim for coverage on that basis. [Doc. No. 1-1 at 41]; *see also* [Doc. No. 10-1 (denial letter noting pre-existing conditions and damages due to normal wear, tear, and deterioration)].

State Farm highlights several of Plaintiffs' discovery responses and argues that they support the Court's jurisdiction. However, looking at the responses in their entirety, the Court disagrees. For example, Plaintiffs stated that they were "duped into buying worthless coverage," [Doc. No. 1-26 at 6], because Brown asserted that their home did not have any "preexisting issues" that would cause their claim to be denied. [Doc. No. 1-1 at 41]; *see also* [Doc. No. 1-26 at 5 (stating the agent told them their "house was in good shape" when he sold the earthquake coverage)]. Essentially, Plaintiffs allege that the policy Brown sold them did not protect them from what they were promised it would protect them from.

Upon review of the record, State Farm has not met its "heavy burden" to prove the inability of Plaintiffs to establish a negligent procurement claim against Brown in state court. The claim need not be a "sure thing," and all "factual and legal issues must be resolved in favor of [Plaintiffs]." Based on the alleged facts and the applicable law, the Court determines that State Farm has not proven with "complete certainty" that Brown could not be liable to Plaintiffs for negligent procurement of insurance.[4] Consequently,

---

[4] Based on this conclusion, the Court does not analyze the timeliness of State Farm's removal or the ability of Plaintiffs to establish a constructive fraud claim against Brown in state court. *Cf. Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that the case must be remanded if there is "a

State Farm has not shown diversity jurisdiction exists and this Court lacks subject-matter jurisdiction.

## IV. **CONCLUSION**

For these reasons, the Court lacks subject-matter jurisdiction over this action, GRANTS Plaintiffs' Motion to Remand [Doc. No. 10], and REMANDS this case to the District Court of Oklahoma County, Oklahoma, Case No. CJ-2022-2511. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County, Oklahoma. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal.

IT IS SO ORDERED this 13th day of March 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant").